## Louisville Joint Stock Land Bank v. Watts.

(Decided Dec. 15, 1933.)

H. W. LINTON for appellant.
S. T. FRUIT for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The Louisville Joint Stock Land Bank on September 2, 1922, loaned Leroy Cayce and wife, $13,000, for which they executed to it their note payable on the amortization plan over a period of 33 years, in installments of $455 on the 1st day of September and March of each year, until 1056. The installments included the interest on the entire loan and a small portion of the principal. To secure the payment of the note therefor they executed and delivered a mortgage to it on the land in Christian county, Ky., consisting of three tracts, together with the rents, issues, and profits arising therefrom. The mortgage was duly recorded in September, 1922. In February, 1925, Cayce and wife conveyed the land by deed, with covenant of general warranty, to L. R.

Kenner and wife; the latter agreeing in the deed to assume the payment of the debt.

In September, 1931, Kenner and wife by like deed conveyed it to Addie Dean Carroll and Mary Belle Myers, and by a provision in the deed they assumed the payment of the debt.

This action was instituted against Cayce and wife, Kenner and wife, Addie Dean Carroll and husband, Mary Belle Myers and husband, and R. W. Watts to enforce the mortgage on the land, and the rents, issues and profits therefrom. It is alleged in the petition that R. W. Watts was claiming a lien on the crops growing on the land at the time of the institution of the action, and called on him to assert his claim thereto. Watts defended, denying 'the existence of the lien on the crops by reason of any provision in the mortgage and asserted that J. F. Carroll, on the 22d day of July, 1931, executed and delivered to him a note, whereby he agreed to pay him $2,000 on March 1, 1932, with 6 per cent. interest per annum from date until paid; that to secure its payment, on the 2d day of September, 1932, he executed and delivered to him a mortgage "on 100 acres of corn, 20 acres of tobacco, 10 acres of soy beans * * * growing on the Roy Cayce farm in Christian county, the same described in plaintiff's petition."

On application of the Louisville Joint Stock Land Bank, a reciver was appointed pendente lite to take charge of the rents, issues, and profits. After his appointment, J. F. Carroll and R. W. Watts marketed the tobacco crop and collected $777, which was not paid to the receiver. An amended petition was filed by the Louisville Joint Stock Land Bank, asserting its right by virtue of its mortgage to the $777, averring that the land had been sold and, after crediting its debt with the proceeds of the sale, there remained unsatisfied of its debt several thousand dollars, much in excess of the proceeds of the tobacco.

A demurrer was filed to the original and amended answer of Watts. The court overruled it, and the Louisville Joint Stock Land Bank declining to plead further, its petition as amended was dismissed with costs.

The Joint Stock Land Bank is here insisting that

its mortgage on the tobacco crop was prior and superior to the mortgage of Watts. The question of their priority under a mortgage containing the same provision as to rents, issues, and profits as that in the mortgage of the Louisville Joint Stock Land Bank was considered in the case of Gilbert Watts' Adm'r v. Smith et al., 250 Ky. 617, 63 S. W. (2d) 796, and was determined adversely to the insistence of Watts.

Aside from the principles stated in the case supra, the mortgage in the present case was executed by J. F. Carroll on crops grown on the land embraced in the mortgage of the Louisville Joint Stock Land Bank. J. F. Carroll was the husband of Addie Dean Carroll, but not the owner of the land on which the tobacco was grown. The mortgage sought to be enforced by Watts was not executed and delivered to him by the owner of the mortgaged land, but the husband of one of the joint owners. It scarcely needs argument to sustain the statement that such mortgage created no lien on the property described in it as against either the owners of the land or the mortgage of the Louisville Joint Stock Land Bank. For this additional reason its mortgage was enforceable against Watts on the tobacco crop grown on the mortgaged land.

For the reasons indicated the judgment is reversed, for proceedings consistent with this opinion.